PHILIP HART *v*. MATTHEW POTTER ET AL.

CHANCERY PLEADINGS.    *Amendments.*    *After submission of cause. Discretion of court.*    *When disallowance reversible error.*

    The allowance of an application to amend a bill in equity, made after the submission of the cause for final decision on the merits, is ordinarily in the discretion of the court; but it is reversible error to disallow such an amendment which simply seeks to plead a recorded deed, a necessary link in complainant's chain of title to the land in controversy, where a new suit would probably be barred by limitation.

FROM the chancery court of, first district, Hinds county.

HON. HENRY C. CONN, Chancellor.

Hart, the appellant, was complainant in the court below; Potter and wife were defendants there. The object of the suit was to cancel clouds upon the title to land. After the case had been submitted to the court below for final hearing on the merits complainant asked leave to file an amended bill, which was presented to the court, the nature of which is apparent from the

ouinion of the supreme court. The application to amend was denied by the court below, and a final decree was rendered for defendants, and the complainant appealed to the supreme court.

*Robert Lowry,* for appellant.

*Brame & Brame,* for appellees.

Argued orally by *Robert Lowry,* for appellant, and *L. Brame,* for appellees.

TERRAL, J., delivered the opinion of the court.

An application to amend a bill of complaint after the cause had been submitted for consideration, and decision comes so late in the proceedings that the granting of it is largely within the discretion of the chancellor, and where the evidence of the fact sought to be inserted in the bill might be manufactured for the occasion, it is usually denied. But where, as here, the evidence of a fact in the chain of complainant's title is a part of the public records of the country, which may not be altered or affected by any ingenuity of pleading or false swearing of a witness, and especially where the commencement of a new case merely to insert such additional fact might be the means by mere lapse of time of rendering it less available to the party as by a bar of the statute of limitations, we think a sound discretion would have justified the amendment. Wherefore the decree dismissing complainant's bill is reversed, and the case is remanded to the docket of the chancery court with leave to complainant to amend his bill within thirty days from the time the mandate is filed therein.

*Reversed.*